IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB B. GRAUMENZ, and<br>GARY DWIGHT GRAUMENZ, JR.,<br><br>  Plaintiffs,<br><br>vs.<br><br>ROBERT FRITCHER, and<br>UNKNOWN FBI AGENTS/OFFICERS,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 23-cv-2234-DWD<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Jacob B. Graumenz filed this complaint against Defendants Robert Fritcher and Unknown FBI Agents/Officers seeking damages for the unlawful search of his home on May 10, 2022 and resulting property damage and loss, in addition to his unlawful detainment (Doc. 2). Now before the Court is Plaintiff Jacob Graumenz's Motion for Leave to Proceed *in forma pauperis* (Doc. 4), Motion for Recruitment of Counsel (Doc. 5), and Motion for Service of Process at Government Expense (Doc. 6). For the reasons detailed below, these Motions will be denied, and the Complaint will be dismissed, without prejudice.

### Preliminary Dismissal of Plaintiff Gary Dwight Graumenz Jr.

The complaint also names Gary Dwight Graumenz Jr. as a Plaintiff. The Complaint alleges that Gary Dwight Graumenz owns some of the property damaged by the May 10, 2022 search. However, Mr. Gary Graumenz did not sign the complaint in violation of Fed. R. Civ. P. 11, which provides that "[e]very pleading, written motion, and

1

other paper must be signed . . . by a party personally if the party is unrepresented." *See* Fed. R. Civ. P. 11. It is inappropriate for non-attorneys to file or sign papers on behalf of another litigant. Accordingly, as long as Plaintiffs appear without counsel in this action, each Plaintiff must sign all documents for themselves. Because Plaintiff Gary Graumenz has not signed the Complaint, Rule 11 normally requires the Court to strike the complaint as to his purported claims, *see* Fed. R. Civ. P. 11(a), however, here, the entire Complaint will be dismissed for a failure to state a claim.

## Discussion

Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Upon a showing of indigency, the Court must screen the indigent plaintiff's complaint under Section 1915(e)(2) and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Upon review of Plaintiff's Motion (Doc. 4), the Court is satisfied that Plaintiff is indigent at this time. However, and as detailed below, Plaintiff cannot meet the second prong required to proceed *in forma pauperis* because the complaint fails to state a claim on which relief may be granted.

To proceed *in forma pauperis*, Plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The statement must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Here, Plaintiff alleges that unknown FBI agents, led by Defendant Robert Fritcher, raided his home without cause on May 10, 2022, leading to substantial property damage (Doc. 2, pp. 1, 20). He further alleges that he was unlawfully detained for six hours before being released without charges (*Id.*). Plaintiff complains that the officers confiscated Plaintiff's personal property and those items have not been returned (*Id.*). Plaintiff estimates the property damage to exceed $17,000.00 (Doc. 2, p. 20). Finally, Plaintiff alleges that because of this incident he lost his career as a satellite installation technician (Doc. 2, p. 20). Plaintiff seeks over $2 million dollars in damages (Doc. 2-1).

Plaintiff also attached multiple documents related to a claim submitted under the Federal Tort Claims Act ("FTCA") on Plaintiff's behalf. According to those documents, in September 2022, Plaintiff retained counsel to pursue an FTCA claim against the Federal Bureau of Investigations related to the allegations in his complaint (Doc. 2, pp. 1-2, 5-8,

3

18-19). Plaintiff did not indicate in his complaint whether those proceedings have been resolved.

It is presently unclear from Plaintiff's complaint whether he is pursuing a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346 or the Fourth Amendment to the United States Constitution, or both. *See, e.g.*, *Ting v. United States*, 927 F.2d 1504, 1513 n.10 (9th Cir. 1991) (it is appropriate to bring both FTCA claims and *Bivens* claims in a single suit). Indeed, Plaintiff's allegations allude to both claims, although each is insufficiently plead. The FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). In relevant part, the FTCA authorizes:

> [C]ivil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, the United States is the only proper defendant in an FTCA action. *See Jackson*, 541 F.3d at 693. Plaintiff did not name the United States as a defendant, and he cannot proceed with his FTCA claims against the Federal Bureau of Investigations or individual agents because federal agencies (and divisions of the same) are not subject to suit for money damages under the FTCA. *Id.* Accordingly, the complaint is insufficiently pled to sustain a FTCA claim, and shall be dismissed for failure to state a claim. However, the dismissal shall be without prejudice, and Plaintiff shall have an opportunity to replead his claims if appropriate.

Alternatively, if Plaintiff seeks money damages for constitutional deprivations against individual defendants, Plaintiff's claims are more appropriately brought against the individual defendants under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (holding that federal officials can be liable "for injuries consequent upon a violation of the Fourth Amendment."). This, of course, assumes that Plaintiff has not received a judgment in a prior FTCA action. *See, e.g.*, *Manning v. United States*, 546 F.3d 430, 431 (7th Cir. 2008) ("Under 28 U.S.C. § 2676, a judgment in an FTCA action acts as a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."). Section 1983 governs claims for federal rights violations against state actors, while *Bivens* provides a damages remedy for certain federal rights violations committed by federal agents. That said, Section 1983 and *Bivens* actions are "conceptually identical and further the same policies." *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978), *aff'd*, 446 U.S. 14 (1980); *Bush v. Lucas*, 462 U.S. 367, 374 (1983).

To plead a claim under either theory, at minimum, Plaintiff must allege facts demonstrating that the individual defendants were in some way involved in an unreasonable search and seizure that occurred without a warrant and/or without probable cause. Indeed, to be liable under § 1983, each individual defendant "must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). Here, although the complaint provides some details of the events occurring on May 10, 2022, it does not state "enough facts to state a claim to relief that is plausible on its face." Specifically, the details

5

of Defendants' direct participation are too sparse to attribute any action to a specific defendant. For example, the complaint does not detail how many agents participated in the raid, what each agent did and how their actions led to the alleged property damage, when and where Plaintiff was detained, or what property was confiscated from Plaintiff. Nor does Plaintiff expound on how the actions of Defendants caused his loss of employment. Further, while Plaintiff acknowledges that he or his father obtained a copy of a search warrant, he does not provide any further details of that warrant or facts to suggest how the warrant was insufficient or unlawful. Accordingly, these deficiencies make it impossible for Defendants to have proper notice of the claims against them, and are thus insufficient to state a claim. For these reasons, Plaintiff's complaint is dismissed, without prejudice. However, Plaintiff may file an amended complaint to correct these deficiencies.

## Disposition

For these reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 4), Motion for Recruitment of Counsel (Doc. 5), and Motion for Service of Process at Government Expense (Doc. 6) are **DENIED, without prejudice**, Plaintiff's Motion for Status (Doc. 12) is **DENIED as moot**, and Plaintiff's Complaint (Doc. 2) is **DISMISSED, without prejudice**, for a failure to state a claim. Plaintiff(s) are granted leave to file an amended complaint. Plaintiffs may file their amended complaint on or before **November 13, 2023**. Should Plaintiffs file an amended complaint in this matter, the complaint must clearly explain the timeframe, facts, and legal basis for their claims, that is the who, what, when, where, how, and why behind their allegations. **If Plaintiffs fail to file an**

**amended complaint by November 13, 2023, this action will be dismissed for a failure to abide by a court order pursuant to Fed. R. Civ. P. 41(b).**

If Plaintiff(s) seek to renew their requests to proceed in this matter *in forma pauperis*, they must each file a renewed motion. These motions must be filed separately and detail each Plaintiff(s) individual information. *See Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004); *Sturdevant v. Deer*, 69 F.R.D. 17, 18 (E.D. Wis. 1975). Plaintiffs are **WARNED** that a non-attorney cannot file or sign papers for another litigant. Accordingly, should Plaintiffs seek to proceed in this matter *in forma pauperis*, each Plaintiff must file a separately signed motion.

If Plaintiffs elect to renew their motions for recruitment of counsel, they are **DIRECTED** to specify the details of their efforts to retain counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself). Plaintiff Jacob Graumenz is also **DIRECTED** to specify whether he is currently engaged in an attorney-client relationship with the attorney who submitted his FCTA claim to the United States Department of Justice Office of the Inspector General, and the outcome, if any, from that submitted claim.

SO ORDERED.

Dated: October 25, 2023

/s David W. Dugan
_____
DAVID W. DUGAN
United States District Judge