IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACob B. GRAUMENZ, and<br>GARY DWIGHT GRAUMENZ, JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>ROBERT FRITCHER, and<br>UNKNOWN FBI OFFICERS/AGENTS,<br><br>Defendants. | Case No. 23-cv-2234-DWD |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiffs Jacob B. Graumenz and Gary Dwight Graumenz, Jr. filed this Amended Complaint[1] against Defendants Robert Fritcher and Unknown FBI Officers/Agents seeking equitable relief and damages for the unlawful search of their residence and detainment, and resulting property damage, loss, and reputational and emotional harms (Doc. 14).[2] Now before the Court are Plaintiff Jacob Graumenz's Motion for Leave to

---

[1] The document submitted by Plaintiffs as the "Amended Complaint" (Doc. 14) contains three separate documents: a complaint signed by Plaintiff Jacob Graumenz, Plaintiff Jacob Graumenz's signed affidavit, and a complaint signed by Plaintiff Gary Graumenz. Because courts should liberally construe *pro se* filings and afford *pro se* plaintiffs leniency in procedural matters, which includes consideration of materials attached to complaints, *see Otis v. Demarasse*, 886 F.3d 639, 644-645 (7th Cir. 2018) (finding that supplemental materials implicitly incorporated the first amended complaint by reference and screening the complaint based on both the first amended complaint and supplemental materials), the Court considers these three documents together as the "Amended Complaint."

[2] On October 25, 2023, the Court dismissed Plaintiffs' Complaint (Doc. 2) without prejudice for failure to state a claim and granted leave to file an amended complaint (Doc. 13). Accordingly, the Court also denied without prejudice Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (Doc. 4), Motion for Recruitment of Counsel (Doc. 5), and Motion for Service of Process at Government Expense (Doc. 6).

Proceed *in forma pauperis* (Doc. 15), Plaintiffs' Motion for Recruitment of Counsel (Doc. 16), Plaintiffs' Motion for Service of Process at Government Expense (Doc. 17), and Plaintiff Gary Dwight Graumenz, Jr.'s Motion for Leave to Proceed *in forma pauperis* (Doc. 19).

## Legal Standards

Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees. Two issues must be resolved before *in forma pauperis* status can be granted. First, the plaintiff must show he is indigent by submitting an affidavit that includes a statement of all assets he possesses and that demonstrates he is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Second, the Court must screen the indigent plaintiff's complaint. The Court will dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

Upon review of Plaintiffs' Motions to Proceed *in forma pauperis* (Docs. 15, 19), the Court is satisfied that Plaintiffs Jacob and Gary Graumenz are indigent at this time. However, the second prong requires additional analysis. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The statement must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## The Amended Complaint

Plaintiffs bring claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging violations under the Second, Fourth, Fifth, and Sixth Amendments (Doc. 14, p. 1). Plaintiffs allege as follows in the Amended Complaint:

On May 10, 2022, twelve to fifteen FBI agents ("Unknown FBI Agents/Officers"), led by Defendant Robert Fritcher, forcefully entered Plaintiffs' residence (*Id.* at 5). Defendants used concussion grenades and a vehicular battering ram, smashed through a storm door, and broke a bathroom window (*Id.*). Defendants forced Plaintiffs to walk barefoot across the road, which harmed Gary Graumenz's healing broken leg (*Id.*).

Plaintiffs' requests to see the warrant were initially denied (*Id.*). At some point, Defendants provided the warrant to Gary Graumenz (*Id.*). But the warrant did not describe the persons or items to be seized with particularity (*Id.*). Defendants admitted they did not have a warrant for Plaintiffs' cell phones but confiscated them nonetheless (*Id.*).

3

Plaintiffs attached a portion of the warrant to their Amended Complaint (Doc. 14-2, p. 6). The warrant identifies the premises located at 515 West Fillmore, Vandalia, Illinois, Fayette County, as the property to be searched (*Id.*). The warrant further indicates that the person or property to be searched are described in Attachment A, and that what the search is expected to reveal is described in Attachment B (*Id.*). Plaintiffs, however, did not receive a copy of attachments A and B, and they are not included as exhibits to the Amended Complaint (Doc. 14, p. 5).

Plaintiffs were unlawfully detained at their residence and the Fayette County Courthouse before being released without charges (*Id.*). Plaintiffs' requests to contact a lawyer were denied (*Id.*). Defendants also confiscated and have not returned Plaintiffs' personal property (*Id.*).

Plaintiffs estimate the events of that day resulted in property damage exceeding $17,000.00 (*Id.* at 6). In addition, Plaintiff Jacob Graumenz lost his career as a satellite installation technician because of this incident (*Id.* at 7). Plaintiffs seek over $2 million dollars in monetary damages and equitable relief requiring Defendants to "undergo retraining [and] acknowledge the violation of their oath to the United States Constitution" and the return of their seized property (*Id.* at 2, 6, 17).[4]

## Discussion

---

[4] As the FTCA only authorizes monetary damages, Plaintiffs' *Bivens* claims are the only possible avenue for equitable relief. *See Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011).

Based upon the allegations in the Amended Complaint and Plaintiffs' articulation of their claims, the Court designates the following claims in this *pro se* action.[5] The designation of the counts does not constitute an opinion as to their merit.

Count 1: A Fourth Amendment Claim for damages and equitable relief under *Bivens* against Robert Fritcher in his individual capacity and against Unknown FBI Officers/Agents in their individual capacities for violating Plaintiffs' right to be free from unreasonable search and seizure.

Count 2: A Fourth Amendment Claim for damages and equitable relief under *Bivens* against Robert Fritcher in his individual capacity and against Unknown FBI Officers/Agents in their individual capacities for wrongfully arresting Plaintiffs.

Count 3: A Sixth Amendment Claim for damages and equitable relief under *Bivens* against Robert Fritcher in his individual capacity and against Unknown FBI Officers/Agents in their individual capacities for denying Plaintiffs' right to counsel.

Count 4: An FTCA claim for damages against the United States for false imprisonment.

Count 5: An FTCA claim for damages against the United States for conversion.

Count 6: An FTCA claim for damages against the United States for trespass.

Count 7: An FTCA claim for damages against the United States for battery.

## *Bivens* Claims

---

[5] Although the Court liberally construed the narrative in Plaintiffs' Amended Complaint, Plaintiffs do not sufficiently allege claims under the Second or Fifth Amendments. *See Moore v. Blair*, 557 F. App'x 577, 578 (7th Cir. 2014) ("We give pro se appellants leeway and do our best to discern the legal basis for their arguments...."). Any claims related to Second or Fifth Amendment violations, or any other claims mentioned in the Amended Complaint but not addressed in this order, should be considered dismissed without prejudice.

The Supreme Court's decision in *Bivens* "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). There are three commonly accepted *Bivens* claims: unreasonable searches and seizures in violation of the Fourth Amendment, violations of the Fifth Amendment right to due process for gender discrimination, and violations of the Eighth Amendment for deliberate indifference to serious medical needs. *See Bivens*, 403 U.S. 388 (Fourth Amendment claim for warrantless search and seizure); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment Due Process claim for gender-based termination of female government employee); *Carlson*, 446 U.S. at 14 (Eighth Amendment deliberate indifference claim regarding deceased inmate's asthma care regime). Unless "special factors" counsel otherwise, federal courts should not expand *Bivens* actions to new contexts (*i.e.,* contexts that are "different in a meaningful way from previous *Bivens* cases decided by the Court"). *Ziglar*, 137 S.Ct. at 1859-60; *see also Hernandez v. Mesa*, 140 S. Ct. 735, 737 206 L. Ed. 2d 29 (2020) ("*Bivens'* expansion has since become 'a disfavored judicial activity' . . . and the Court has generally expressed doubt about its authority to recognize causes of action not expressly created by Congress."). An inquiry of "special factors" requires a court to determine "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Ziglar*, 137 S.Ct. at 1857-58. The *Ziglar* Court indicated that special factors to consider may include: the impact of a damages remedy

6

on governmental operations, respecting the role of Congress in determining federal-court jurisdiction, and whether there is an alternative remedial structure present. *Id.* at 1858.

*Count 1*

Under the Fourth Amendment, individuals have "a right to be free from unreasonable searches and seizures and [have] a right to be the subject of a warrant only when the warrant was supported by probable cause and particularly described the place and people to be searched." *Jones v. Wilhelm*, 425 F.3d 455, 461-62 (7th Cir. 2005) (quoting U.S. CONST. Amend. IV). The warrant must describe the place to be searched with particularity, and searches performed pursuant to warrants that fail to meet the particularity requirement violate the Fourth Amendment. *Id.* at 462 (citing *Maryland v. Garrison*, 480 U.S. 79, 84 (1987); *Massachusetts v. Sheppard*, 468 U.S. 981, 988 n.5 (1984)). Plaintiffs allege that the warrant they received was not sufficiently particular (Doc. 14, p. 5). If proven to be true, Plaintiffs' allegations could constitute a violation of the Fourth Amendment. Accordingly, Count 1 survives against Robert Fritcher and the Unknown FBI Officers/Agents.

However, Plaintiffs' request for equitable relief cannot proceed.[6] Equitable relief is not an established remedy under *Bivens*, and there are no special factors which counsel an extension in this case. *Ziglar*, 137 S.Ct. at 1859-60. Even if equitable relief was a permitted remedy for *Bivens* claims, Plaintiffs have failed to demonstrate why monetary damages are not an adequate remedy such that equitable relief is appropriate. "Damages

---

[6] Plaintiff asks the Court to order Defendants to "undergo retraining [and] acknowledge the violation of their oath to the United States Constitution" and return their seized property (Doc. 14, pp. 2, 6).

7

are a normal, and adequate, response to an improper search or seizure, which as a constitutional tort often is analogized to (other) personal-injury litigation." *Campbell v. Miller*, 373 F.3d 834, 835-36 (7th Cir. 2004).

*Count 2*

An unlawful arrest claim requires a plaintiff to demonstrate that he was arrested without probable cause. *Gonzalez v. City of Elgin*, 578 F.3d 526, 538 (7th Cir. 2009). An agent has probable cause, if, at the time of the arrest, the "facts and circumstances within the agent's knowledge … are sufficient to warrant a prudent person, or one of reasonable caution, in believing … that the suspect has committed, is committing, or is about to commit an offense." *Id.* at 537 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). Probable cause is an absolute defense to a claim of wrongful arrest under the Fourth Amendment and is evaluated from the perspective of a reasonable agent facing the same situation. *Ewell v. Toney*, 853 F.3d 911 (7th Cir. 2017); *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013). Where the underlying facts supporting probable cause are undisputed, a Court may decide probable cause existed at the time of arrest. *Gonzalez*, 578 F.3d at 537 (citing *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993)).

The Amended Complaint alleges Plaintiffs were arrested without probable cause. Plaintiffs claim that the agents "openly said they had no idea Jacob Graumenz lived at the residence meaning his rented space could not have been listed in the warrant not meeting the specific requirements listed in the 4th amendment" and that Defendants denied Plaintiffs' requests "to see the reason the raid was justified" (Doc. 14, p. 5). Plaintiffs claim they were held for one hour while agents searched their residence and

then were transferred to cells at the Fayette County Courthouse for six hours, where they were not provided "any explanation" for their detention (*Id.* at 5). These facts are sufficient to proceed on the unlawful arrest claim.

Accordingly, Count 2 may proceed as to Robert Fritcher and the Unknown FBI Officers/Agents. However, as with Count 1, Plaintiffs' request for equitable relief does not survive screening.

*Count 3*

As discussed in detail below, there is no right of a civil litigant to have counsel appointed. It is in a criminal case setting where "[t]he right to counsel attaches only at or after the initiation of adversary judicial proceedings against the defendant." *United States v. Gouveia*, 467 U.S. 180 104 S. Ct. 2292, 2293, 81 L. Ed. 2d 146 (1984) (citing *Kirby v. Illinois*, 406 U.S. 682, 688-89, 92 S. Ct. 1877, 1881-82, 32 L. Ed. 2d 411 (1972). And, an arrest or issuance of an arrest warrant, without formal charges, is insufficient to trigger the Sixth Amendment right to counsel. *Id.* at 190 ("we have never held that the right to counsel attaches at the time of arrest"); *see also Moran v. Burbine*, 475 U.S. 412, 428 106 S. Ct. 1135, 89 L. Ed. 2d 410 (1986) ("[T]he defendant has the right to the presence of an attorney during any interrogation occurring after the first formal charging proceeding, the point at which the Sixth Amendment right to counsel initially attaches."). The Amended Complaint states that Plaintiffs were detained at their residence and then released without charges. There is no allegation that either of the Plaintiffs were interrogated. Accordingly, the Sixth Amendment right to counsel did not attach (Doc. 14, p. 5).

9

But, even if the Sixth Amendment right to counsel did attach, Plaintiff's Sixth Amendment claim does not fit within any of the three scenarios recognized by *Bivens*. The Seventh Circuit has not ruled on whether *Bivens* extends to Sixth Amendment claims, but has questioned whether, after *Ziglar*, such claims are cognizable. *See Petrunak v. Krofta*, 858 F. App'x. 922, 924 (7th Cir. 2021) (declining to decide the issue of whether Sixth Amendment violations are actionable under *Bivens* because the amended complaint failed to state a plausible claim for relief on the merits); *Sebolt v. Samuels*, 749 F. App'x 458, 459-60 (7th Cir. 2018) (suggesting in dicta that there is no *Bivens* remedy for Sixth Amendment violations); *see also White v. Collis*, No. 20-CV-01117-JPG, 2021 WL 847987 *3 (S.D. Ill. Mar. 5, 2021) ("Neither the Supreme Court nor the Seventh Circuit has declared a Sixth Amendment violation actionable under *Bivens*."). Neither are there any "special factors" in this case that would urge expanding *Bivens* here. Consistent with the previous rulings cited, the Court declines to extend *Bivens* to Plaintiff's claim for denial of counsel under the Sixth Amendment. Therefore, Count 3 in its entirety is **DISMISSED** without prejudice.

<b>FTCA Claims</b>

The FTCA waives the United States' sovereign immunity "for certain torts committed by federal employees." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). It "makes the United States liable to the same extent as a private individual under like circumstances, under the law of the place where the tort occurred, subject to enumerated exceptions to the immunity waiver." *Levin v. United States*, 568 U.S. 503, 506–07 (2013) (internal punctuation and citations omitted). "In FTCA cases, state law applies to substantive

questions and federal rules govern procedural matters." *Gil v. Reed*, 535 F.3d 551, 558 n.2 (7th Cir. 2008). Plaintiffs' claims in this case are governed by Illinois law because it is the state where the alleged torts occurred. *See Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008); *see also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

*Count 4*

The FTCA's waiver of sovereign immunity is subject to a number of exceptions set forth in 28 U.S.C. § 2680. The "intentional tort exception" preserves the government's immunity from suit for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights," except for claims arising "out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" that are asserted against "investigative or law enforcement agents of the United States Government" (*i.e.*, the "law enforcement proviso"). 28 U.S.C. § 2680(h); *Millbrook v. United States*, 569 U.S. 50, 54-57, 133 S. Ct. 1441, 185 L. Ed. 2d 531 (2013). The law enforcement proviso defines an "investigative or law enforcement agent" as "any agent of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." § 2680(h). Thus, sovereign immunity is waived with respect to a claim alleging false imprisonment by federal law enforcement agents. *See, e.g.*, *Liranzo v. United States*, 690 F.3d 78, 94–95 (2d Cir.2012) ("[T]he United States has indeed waived its sovereign immunity from suit as to Liranzo's 'claim,' which 'aris[es] ... out of ... false imprisonment [and] false arrest.'" (quoting § 2680(h))).

As stated above, state law provides the substantive law governing an FTCA claim. Under Illinois law, to state a claim for false imprisonment, "the plaintiff must allege that his personal liberty was unreasonably or unlawfully restrained against his will and that defendant(s) caused or procured the restraint." *Arthur v. Lutheran Gen. Hosp.*, 295 Ill.App.3d 818, 230 Ill.Dec. 72, 692 N.E.2d 1238, 1243 (1998). A claim for false imprisonment requires a showing that "the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Meerbrey v. Marshall Field & Co.*, 139 Ill.2d 455, 151 Ill.Dec. 560, 564 N.E.2d 1222, 1231 (1990). Stated differently, a plaintiff must show that he was restrained unreasonably or without probable cause to succeed on a claim for false imprisonment. *Martel Enters. v. City of Chi.*, 223 Ill.App.3d 1028, 164 Ill.Dec. 945, 584 N.E.2d 157, 161 (1991).

As previously stated, when liberally construed, the Amended Complaint alleges Plaintiffs were arrested and detained without probable cause. These allegations are sufficient to allow Count 4 to proceed.

*Count 5*

Conversion under Illinois law requires a plaintiff to "establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3); he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Loman v. Freeman*, 890 N.E.2d 446, 461 (Ill. 2013). In the Amended Complaint, Plaintiffs provide a receipt from the FBI that lists the property seized from

Plaintiff Gary Graumenz along with handwritten annotations (Doc. 14-2, p. 7). The list describes the following property: "[t]wo (2) purple capsules, suspected cannabis seeds, HiPoint 9mm (ser # F229073), Taurus G39mm (Ser ACD791301), two (2) ammo boxes, Smith & Wesson SD 40 (Ser FDP6770), green leafy substance, various pill bottles containing residue and/or pills, vacuum chamber kit (bacoeng.com) scale, crystal-like substance, and a tray (blue in color)" and "[two] cell phones [seized] without warrant" (Doc. 14-2, p. 7). Plaintiffs allege that, although no charges have been filed against them, the specified items on the list have not been returned (Doc. 14, pp. 6, 13).

Under the detained-goods exception, the FTCA preserves sovereign immunity for suits arising from "the detention of goods, merchandise, or other property by any … law enforcement agent." 28 U.S.C. § 2680(c). The Seventh Circuit has held this exception applies to any goods detained pursuant to a criminal investigation. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 783-84 (7th Cir. 2014); *see also Johnston v. Hoogland*, 2017 WL 11500972, *3 (N.D. Ill. 2017) (holding that a conversion claim against federal agents pursuant to the FTCA was barred by the detained-goods exception because the relevant goods were seized during a criminal investigation). However, Congress created an exception to the detained-goods exception in the Civil Asset Forfeiture Reform Act ("CAFRA"). CAFRA's exception applies only when the following four conditions have been met:

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
> (2) the interest of the claimant was not forfeited;

> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 U.S.C. § 2680(c); *see also Pearson v. U.S.*, 373 Fed.Appx. 622, 623 (7th Cir. 2010) (affirming the district court's finding that "CAFRA only 'rewaived' sovereign immunity when law enforcement agents seized the property *solely* for the purpose of forfeiture; seizure for any other purpose, or even for dual purposes including forfeiture, was not enough to escape the 'detention of goods' exception."); *Al-Dahir v. United States*, No. CIV.A. 08-4502, 2010 WL 3922177 (E.D. La. Sept. 30, 2010) (dismissing the plaintiff's FTCA conversion claim because the court was "not convinced that [CAFRA's] application extends beyond property seizures instituted as part of civil forfeiture proceedings . . . and the seizure at issue [t]here did not occur as part of a civil forfeiture proceeding." (citing *Foster v. United States*, 522 F.3d 1071, 1075 (9th Cir.2008)).

At this early stage, the Court cannot resolve whether Plaintiffs' property was seized pursuant to a criminal investigation or forfeiture. Therefore, Plaintiffs' claim for conversion under the FTCA for the allegedly seized property survives screening.

Additionally, Plaintiffs attach a list of items allegedly damaged by agents during the search of his home: a robot lawn mower, smart lock, various décor, gun safe, water heater, and antique toolbox (Doc. 14-2, p. 9). The Court finds no exception barring Plaintiffs' conversion claim for the allegedly damaged property. The intentional torts exception does not apply, as conversion is not among the intentional torts in § 2680(h). *Levin*, 568 U.S. at 507 n.1 ("Section 2680(h) does not remove from the FTCA's waiver all

intentional torts, *e.g.*, conversion and trespass"); *see also CHoPP Computer Corp. v. United States*, 5 F.3d 1344, 1347 (9th Cir. 1993) (holding that the plaintiffs' "conversion claim can be brought under the FTCA."). Neither does the detained-goods exception apply, as the allegedly damaged property was never removed from the property or in the possession of law enforcement and plainly does not qualify as "detained." *On-Site Screening, Inc. v. U.S.*, 687 F.3d 896, 898 (7th Cir. 2012) ("The 'ordinary meaning of the words used' governs what constitutes a detention by a law enforcement agent … [a]nd 'the fairest interpretation' of 'any claim arising in respect of' the detention of goods … includes a claim resulting from negligent handling or storage of detained property.'" (quoting *Kosak v. United States*, 465 U.S. 848, 853, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1894)). Accepting the factual allegations in the Amended Complaint as true, the Court finds that Plaintiffs have sufficiently plead a conversion claim under the FTCA for the allegedly damaged goods. Accordingly, Count 5 survives screening.

*Count 6*

Trespass is committed under Illinois law when a person enters, or causes a thing or third person to enter, land possessed by someone else without permission, invitation, or other right. *Schweihs v. Chase Home Fin. LLC*, 2021 IL App (1st) 191779, 187 N.E.3d 1196 (citing *Benno v. Central Lake County Joint Action Water Agency*, 242 Ill. App. 3d 306, 313, 182 Ill.Dec. 522, 609 N.E.2d 1056 (1993)); *see also City of E. St. Louis v. Netflix, Inc.*, 630 F. Supp. 3d 1003, 1017-18 (S.D. Ill. 2022), *aff'd on other grounds sub nom. City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066 (7th Cir. 2023) (collecting cases). A plaintiff must also allege "a wrongful interference with his actual possessory rights in the property." *City of E. St.*

15

*Louis*, 630 F. Supp. 3d at 1018 (quoting *Loftus v. Mingo,* 158 Ill.App.3d 733, 110 Ill.Dec. 368, 511 N.E.2d 203, 210 (1987)).

Here, Plaintiffs allege that Defendants forcefully entered their residence in "full tactical gear with rifles," a vehicular ram, and concussion grenades window (Doc. 14, p. 5). Plaintiffs claim the Defendants damaged a storm door, primary outer wall, and bathroom window (*Id.*). These facts evince Plaintiffs' lack of consent to the "raid" on their residence. Plaintiffs also claim the Defendants did not possess a valid warrant to enter their residence. These facts sufficiently allege trespass under Illinois law. Additionally, like Plaintiffs' conversion claim, trespass is not among the intentional torts waived in § 2680(h) of the FTCA. *See Levin v. U.S.*, 568 U.S. at 507. Accordingly, Count 6 of the Amended Complaint survives screening.

*Count 7*

"Under Illinois law, battery is the 'unauthorized touching' of another that 'offends a reasonable sense of personal dignity.'" *Chelios v. Heavener*, 520 F.3d 678, 692 (7th Cir. 2008) (quoting *Cohen v. Smith,* 269 Ill.App.3d 1087, 207 Ill.Dec. 873, 648 N.E.2d 329, 332 (1995)); *see also Kling v. Landry*, 292 Ill.App.3d 329, 226 Ill.Dec. 684, 686 N.E.2d 33, 41 (Ill.App.2d Dist.1997) ("In order to state a cause of action for intentional battery, a plaintiff must allege a willful touching of another person without the consent of the person who is touched.").

Plaintiffs allege that, at some point during the search of their residence, Defendants "forced" Plaintiffs "to walk barefoot across the road," harming Plaintiff Gary Graumenz's "healing broken leg with no consideration for his wellbeing" (Doc. 14, p. 5).

16

Plaintiffs' allegations indicate no touching by any of the Defendants. Accordingly, Count 7 in its entirety is **DISMISSED** without prejudice.

## Motions to Proceed *in forma pauperis*

As stated above, Plaintiffs have established that they are indigent and have stated at least one claim upon which relief may be granted. Accordingly, the Motions to Proceed *in forma pauperis* (Docs. 15, 19) are **GRANTED**.

## Motion for Service of Process at Government Expense

It is not necessary for litigants proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. Therefore, the Motion for Service of Process at Government Expense (Doc. 17) is **DENIED AS MOOT**.

## Motion for Recruitment of Counsel

As an initial matter, Plaintiff Gary Graumenz did not sign the motion in violation of Fed. R. Civ. P. 11, which provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." See Fed. R. Civ. P. 11. As stated in the Court's earlier Order directing Plaintiffs to sign all documents for themselves (Doc. 13), it is inappropriate for non-attorneys to file or sign papers on behalf of another litigant. Accordingly, the Court considers the Motion for Recruitment of Counsel (Doc. 16) only as to Plaintiff Jacob Graumenz.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers

17

two factors—the plaintiff's efforts to secure his own counsel, and his competence to represent himself given the difficulty of the case. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Here, Plaintiff has demonstrated attempts to secure counsel. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that, although he has some college education, he needs counsel because the case is complicated, and he does not want to make mistakes (Doc. 16, p. 2). The Court is not persuaded at this early juncture that Plaintiff needs counsel to pursue this matter. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). Moreover, the pleadings in this case demonstrate that Plaintiff has the ability to prepare and file coherent pleadings. Accordingly, the Motion for Recruitment of Counsel (Doc. 16) is **DENIED without prejudice**.

### Unknown FBI Agents Identification

Plaintiffs have been allowed to proceed against Unknown FBI Agents/Officers. Once the names of the Unknown FBI Agents/Officers are discovered, Plaintiff must file a motion to substitute the newly identified defendant(s) in place of the generic designation in the case caption and throughout the Amended Complaint.

### Disposition

**IT IS HEREBY ORDERED THAT:**

- **Count 1** will proceed as a claim for money damages against Defendants **ROBERT FRITCHER** and the **UNKNOWN FBI OFFICERS/AGENTS**, in their individual capacities, for violating Plaintiffs' right to be free from unreasonable search and seizure in violation of the Fourth Amendment and pursuant to *Bivens.*

- **Count 2** will proceed as a claim for money damages against Defendants **ROBERT FRITCHER** and the **UNKNOWN FBI OFFICERS/AGENTS**, in their individual capacities, for wrongful arrest in violation of the Fourth Amendment and pursuant to *Bivens.*

- **Count 3** is **DISMISSED** without prejudice in its entirety.

- **Counts 4, 5,** and **6** will proceed against Defendant **UNITED STATES** as claims brought pursuant to the Federal Tort Claims Act.

- **Count 7** is **DISMISSED** without prejudice in its entirety.

The Clerk of Court is **DIRECTED** to complete, on Plaintiffs' behalf, a summons and form USM-285 for service of process on Defendants **ROBERT FRITCHER** and the **UNKNOWN FBI AGENTS/OFFICERS** (once identified), in their individual capacities, and the **UNITED STATES**; the Clerk shall issue the completed summons. The United States Marshals **SHALL** serve Defendants **ROBERT FRITCHER** and the **UNKNOWN FBI AGENTS/OFFICERS** (once identified) and the **UNITED STATES** pursuant to [Fed. R. Civ. P. 4(e)](). All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to [Fed. R. Civ. P. 4(i)](), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Amended Complaint (Docs. 14, 14-1, 14-2); and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Amended Complaint (Docs. 14, 14-1, 14-2), and this Memorandum and Order.

Service shall not be made on the **UNKNOWN FBI AGENTS/OFFICERS** until such time as Plaintiffs have identified them by name in a properly filed motion for substitution of parties. Plaintiffs are **ADVISED** that it is their responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiffs are **ADVISED** that they are under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: July 26, 2024

_____
DAVID W. DUGAN
United States District Judge