**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JACOB B. GRAUMENZ and GARY DWIGHT GRAUMENZ, JR.,** | ) | |
| **Plaintiffs,** | ) | **Case No. 23-cv-2234-DWD** |
| **vs.** | ) | |
| **UNITED STATES OF AMERICA, ROBERT FRITCHER, and UNKNOWN FBI OFFICERS/AGENTS,** | ) | |
| **Defendants.** | | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Now before the Court is the Motion to Dismiss for Failure to State a Claim (Doc. 36) filed by Defendants Robert Fritcher and the United States, which seeks dismissal of the *Bivens*[1] claims against them in Counts I and II, pursuant to the Supreme Court's decision in *Egbert v. Boule*, 596 U.S. 482 (2022); Defendants also seek dismissal of Counts IV, V, and VI, claims under the Federal Tort Claims Act (herein "FTCA") for false imprisonment, conversion, and trespass respectively. Plaintiffs responded to the motion (Doc. 39) and Defendants filed a Reply (Doc. 40). This Court granted Defendants' Motion to Supplement the Motion to Dismiss (Doc. 42) which presented authority relating to Defendants' arguments that *Bivens* should not be extended to them.[2] For the reasons set forth below, Defendants' Motion is GRANTED.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).
[2] *See* Case No. 19-cv-1362-JPG, [*Redacted*] *v. Blackburn* (S.D. Ill. Feb. 15, 2024).

## BACKGROUND

Plaintiffs Jacob B. Graumenz and Gary D. Graumenz, Jr. filed this action pursuant to 42 U.S.C. § 1983 in June 2023 against Defendants and Unknown FBI Officers/Agents. Each of the agents and Defendant Robert Fritcher participated in a search of Plaintiffs' home on May 10, 2022.

Defendants obtained a warrant to search Plaintiffs' home pursuant to suspected violations of 21 U.S.C. 841(a)(1)[3], 21 U.S.C. 843(b)[4], 21 U.S.C. 846[5]. (Doc. 36-3). On May 10, 2022, twelve to fifteen FBI Agents led by Defendant Robert Fritcher forcefully entered Plaintiffs' residence. (Doc. 14, pg. 5). Defendants used concussion grenades and a vehicular battering ram, smashed through a storm door, and broke the bathroom window. (*Id.*). Defendants detained Plaintiffs, making them walk barefoot across the street, harming Gary Graumenz, Jr.'s healing broken leg. (*Id.*).

Plaintiffs requested to see warrant and were initially denied. (*Id.*). Eventually Defendants provided the warrant to Gary Graumenz, Jr. (*Id.*). The warrant did not describe persons or items to seized with particularity and merely stated "Described in Attachment A" and "Attachment B". (Doc. 14-2, pg. 6). Defendants admitted that they did not have a warrant for Plaintiffs' cell phones but confiscated them anyway. (Doc. 14, pg. 5). Attachments A and B were not received by Plaintiffs and as such, were not included in the Amended Complaint. (*Id.*).

[3] Distribution and possession of controlled substances with the intent to distribute.
[4] Unlawful use of a communication facility to facilitate the commission of a drug transaction.
[5] Conspiracy to distribute controlled substances.

Plaintiffs were unlawfully detained at their residence and then the Fayette County Courthouse before being released without charges. (*Id.*). Plaintiffs' requests to contact a lawyer were denied. (*Id.*). Defendants have confiscated and have not returned Plaintiffs' personal property. (*Id.*). Plaintiff Jacob Graumenz then lost his career as a satellite installation technician due to the incident. (*Id.* at 7).

## DISCUSSION

### I. LEGAL STANDARD

Rule 12(b)(6) permits a defendant to raise via motion the assertion that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Motions under 12(b)(6) can be based exclusively "on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *see also Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (public court documents such as a search warrant, are subject to judicial notice under Fed. R. Evid. 201(b)(2) as a readily ascertainable fact).

### II. ANALYSIS

#### a. Counts I and II of Plaintiffs' Amended Complaint

*Bivens* claims against federal officers exist as the federal counterpart to civil rights claims brought against state actors under 42 U.S.C. § 1983. There are, however, stark contrasts between the two claims. Whereas Congress enacted § 1983 authorizing suits for money damages against state actors for constitutional deprivations; Congress abstained from creating an analogous statute providing the same remedies against federal agents

for similar conduct. *See Ziglar v. Abassi*, 582 U.S. 120, 130 (2017). As such, no congressional authority exists to award damages against federal officials who violate the Constitution while acting under the color of federal law. *Id.*

The Supreme Court recognized an implied damages cause of action against federal drug agents from the Federal Bureau of Narcotics[6] for violations of the Fourth Amendment prohibition against unreasonable searches and seizures. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1971). Wherein, the agents entered Bivens' home allegedly without probable cause, placed him in handcuffs, threatened to arrest his family, searched his home, and arrested him for federal drug violations. *Id.* at 389-90 n.1. The Court held that Bivens had stated a cause of action and was entitled "to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment." *Id.* at 397.

Following the *Bivens* decision, the Supreme Court declined to expand *Bivens* to new claims or a new category of defendants. *See Ziglar*, 582 U.S. at 135. The Court further noted that expanding the *Bivens* remedy "is a disfavored judicial activity." *Id.*; *e.g.*, *Egbert v. Boule*, 596 U.S. 482, 483 (2022) (reiterating and emphasizing that extending *Bivens* is disfavored). The Court in *Ziglar* put forth a framework to determine whether an extension of *Bivens* is warranted. A court considering the viability of a *Bivens* claim must first determine whether the case presents a new *Bivens* context—i.e., does the claim differ in a meaningful way from *Bivens* claims previously authorized by the Supreme Court? *Ziglar*,

[6] The FBN was the predecessor to the Drug Enforcement Administration ("DEA").

582 U.S. at 139-40. The court must then consider whether special factors[7] counsel hesitation in expanding the *Bivens* remedy into new contexts absent congressional action; if present, the court should refrain from expanding *Bivens*. *Id.* at 140-42.

Here, the Federal Defendants include FBI Agent Robert Fritcher and other unknown FBI agents – all of whom took part in the search of Plaintiffs' home pursuant to a warrant. (Doc. 36-3). The warrant did not specifically include Plaintiffs' cell phones which were seized anyway. (Doc. 14, pg. 5). Plaintiffs were arrested and taken to the Fayette County Courthouse before being released without charges. (*Id.*).

As to the first step of the framework, there exist some differences between Plaintiffs' case and the circumstances in *Bivens*. For starters, Defendants work for the FBI and are not drug agents, denoting a new context. *See McNeil v. Duda*, No. 3:22-cv-50096, 2023 WL 2587884, at *1 (N.D. Ill. Mar. 21, 2023); *cf. Xi v. Haugen*, 68 F.4th 824, 834 (3d Cir. 2023) (noting that FBI counterintelligence agents are a "new category of defendant"). Secondly, Defendants in this case were acting pursuant to a search warrant, whereas the drug agents in *Bivens* allegedly were not. *See Purbeck v. Coffin*, 2024 WL 342092, at *3 (D. Id. Jan. 29, 2024) ("Mr. Purbeck's claims involve a new category of defendant—FBI agents—as well as a different legal mandate as the agents were executing a search warrant . . ..”). As such, this case arises in a new context with a new category of defendants than that of *Bivens*.

[7] *See Egbert*, 596 U.S. at 496 ("[the question is] whether there is *any* rational reason (even one) to think that Congress is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'") (emphasis in original) (citation modified).

As to whether any special factors counsel hesitation in expanding *Bivens*, alternative remedial structures already exist for claims such as Plaintiffs'. *See* 31 U.S.C. § 3724(a); *see also McNeil*, 2023 WL 2587884, at *3-4 (noting that the FTCA exists as a remedial structure in a *Bivens* claim). The Supreme Court has shown that even one alternative remedy is sufficient to counsel hesitation before expanding *Bivens*. *See Egbert*, 596 U.S. at 493. The adequacy of such remedial structures is not an issue; it is sufficient that they exist. The courts are not suited to determine whether a given remedy is adequate—rather it is up to Congress to do so. *Id.* at 498.

Thus, due to the existence of the aforementioned special factors, an extension of Bivens to the context in this case would be improper. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Counts I and II.[8]

**b. Counts IV, V, and VI**

The FTCA waives sovereign immunity for the United States for "certain torts committed by federal employees" *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). In doing so, it makes the United States liable "to the same extent as a private individual under like circumstances, under the law of the place where the tort occurred, subject to enumerated exceptions to the immunity waiver." *Levin v. United States*, 568 U.S. 503, 506-07 (2013) (citation modified). In cases involving the FTCA, "state law applies to substantive

[8] Because the Court grants dismissal of Counts I and II pursuant to *Bivens*, Defendants' qualified immunity argument need not be addressed. *See Champaigne v. Davis*, No. 23cv3319 (EP) (JRA), 2024 WL 5039754, at *15 n.5 (D. N.J. Dec. 9, 2024) (declining to rule on qualified immunity arguments in light of *Bivens* finding); *accord Hammond v. Acerno*, No. 21-3688, 2025 WL 1194476, at *3 n.5 (E.D. Pa. Apr. 23, 2025) (declining to rule on qualified immunity arguments as alternative basis for dismissal) (collecting cases); *cf. Van Loo v. United States*, No. 3:23-cv-05618-DGE, 2025 WL 692484, at *16 n.11 (W.D. Wash. Mar. 4, 2025) (declining to rule on qualified immunity arguments after finding *Bivens* warrants granting summary judgment).

questions and federal rules govern procedural matters." *Gil v. Reed*, 535 F.3d 551, 558 n.2 (7th Cir. 2008). The alleged torts occurred within Illinois and as such, the claims are governed by Illinois law. *See Parrot v. United States*, 536 F.3d 629, 637 (7th Cir. 2008).

In Illinois, in order to state a claim for false imprisonment, the plaintiff "must allege his personal liberty was unreasonably or unlawfully restrained against his will and that defendant(s) caused or procured the restraint." *Arthur v. Lutheran Gen. Hosp.*, 295 Ill.App.3d 818, 692 N.E.2d 1238, 1243 (1998). A claim for false imprisonment requires a showing that "the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Meerbrey v. Marshall Field & Co.*, 139 Ill.2d 455, 564 N.E.2d 1222, 1231 (1990). A plaintiff must show that they were restrained unreasonably or without probable cause to succeed on a claim for false imprisonment. *Martel Enters. V. City of Chi.*, 223 Ill.App.3d 1028, 584 N.E.2d 157, 161 (1991).

Here, Defendants acted pursuant to a valid warrant to search the premises. While doing so, they found controlled substances, which, after being field tested, were found to be fentanyl and methamphetamine. (Doc. 36-4, pg. 2). The objective facts from the search establish probable cause to effect an arrest, regardless if Plaintiffs were later released with no charges. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Count IV.

Conversion under Illinois law requires a plaintiff "establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3); he made a demand for possession; and (4) the defendant

wrongfully and without authorization assumed control, dominion, or ownership over the property." *Loman v. Freeman*, 229 Ill.2d 104, 890 N.E.2d 446, 461 (2013). The FTCA also includes a detained-goods exception to a claim of conversion wherein sovereign immunity is preserved for suits arising from "the detention of goods, merchandise, or other property by any . . . law enforcement agent." 28 U.S.C. § 2680(c). The Seventh Circuit has held this exception applies to any goods detained pursuant to a criminal investigation. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 783-84 (7th Cir. 2014).

Here, the items seized during the execution of the warrant to search Plaintiffs' house fall under the detained-goods exception of the FTCA and sovereign immunity is not waived. As to the conversion claim for Plaintiffs' damaged property, mere damage to property, falling short of destruction or material alteration, is not treated as conversion under Illinois law. *See Fujifilm N. Am. Corp. v. D/C/ Exp. & Domestic Packing, Inc.*, 339 F. Supp. 3d 790, 801 (N.D. Ill. Sep. 11, 2018); *see also Martel Enters.*, 584 N.E.2d at 160 (finding that Illinois law granted immunity from conversion claims for law enforcement officers in the execution of their duties unless the act was willful and wanton). Additionally, the damage to the property happened while Defendants were executing the warrant and Plaintiff does not allege the damage was done maliciously, nor is there evidence to support such a contention. Thus, the Court **GRANTS** Defendants' Motion to Dismiss as to Count V.

Trespass is committed under Illinois law when a person enters, or causes a thing or third person to enter, land possessed by someone else without permission, invitation, or other right. *Schweihs v. Chase Home Fin. LLC*, 2021 IL App (1st) 191779, 187 N.E.3d 1196,

1207. Additionally, to sustain a claim for trespass to real property, "a plaintiff must allege a wrongful interference with his actual possessory rights in the property." *Loftus v. Mingo*, 158 Ill.App.3d 733, 511 N.E.2d 203, 210 (1987).

Here, Plaintiffs allege Defendants did not possess a valid warrant in conducting the search of their home. (Doc. 14, p. 5). However, Defendants did possess a warrant which granted them the authority to enter Plaintiffs' house to conduct the search. *See* (Doc. 14-2, pg. 6); *Tuscola v. Otto*, 33 Ill.App.3d 853, 338 N.E.2d 484, 486 (1975) ("It cannot be contended that going upon the land pursuant to an express order of the court would constitute a trespass."). As such, the Court **GRANTS** Defendants' Motion to Dismiss as to Count VI.

## CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss (Doc. 36) is **GRANTED.** This action is **DISMISSED** with prejudice, and the Clerk of the Court is **DIRECTED** to enter judgment in favor of Defendants against Plaintiffs Jacob B. Graumenz and Gary D. Graumenz, Jr.

**SO ORDERED.**

Dated: October 29, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.10.29 14:28:10 -05'00'

DAVID W. DUGAN
United States District Judge